UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID A. DELGADO,<br><br>    Plaintiff,<br><br> v.<br><br>STATE OF WASHINGTON, DIVISION OF CHILD SUPPORT; STATE OF WASHINGTON, ATTORNEY GENERAL; and SPOKANE COUNTY SUPERIOR COURT,<br><br>    Defendants. | NO. 2:18-CV-0328-TOR<br><br>ORDER DISMISSING AMENDED COMPLAINT |

  BEFORE THE COURT is Plaintiff's amended Complaint (ECF No. 12). The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, all claims asserted in Plaintiff's amended Complaint (ECF No. 12) are **DISMISSED without leave to amend**.

//

//

ORDER DISMISSING AMENDED COMPLAINT ~ 1

## BACKGROUND

Plaintiff David A. Delgado, proceeding *pro se* and *in forma pauperis*, brings suit against Washington State Division of Child Support (DCS), Washington State Attorney General (AG), and Spokane County Superior Court. ECF No. 12 at 2-3. This is Plaintiff's second Complaint. The Court previously dismissed Plaintiff's first Complaint with leave to amend on December 12, 2018.[1] ECF No. 11. Plaintiff subsequently filed this amended Complaint on February 22, 2019. ECF No. 12. Plaintiff also submitted a separate document challenging the constitutionality of several Washington statutes. ECF No. 14. After reviewing the amended Complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to state facts which "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## PLAINTIFF'S ALLEGATIONS

The facts according to Plaintiff's Complaint are as follows. Plaintiff alleges that domestic violence was perpetrated on himself and minors in April 2016. ECF

---

[1] Though the Court dismissed Plaintiff's prior Complaint, the Court did not revoke Plaintiff's *in forma pauperis* status at that time. *See* ECF Nos. 5, 6. Accordingly, Plaintiff's second application to proceed *in forma pauperis* (ECF No. 13) is unnecessary and, therefore, denied as moot.

No. 12 at 4. Thereafter, case # 16-3-00800-1 was initiated by Maritza A. Flores in Spokane County Superior Court to elude prosecution for domestic violence, deprive Plaintiff of parental rights, defraud the courts, and hide evidence.[2] *Id.* Plaintiff states that this constitutes "constructive eviction by fraud of courts" and avoiding due process. *Id.*

According to Plaintiff, "[b]y Ex Post Facto and Effective Bill of Attainder," Washington State then reversed primary custodianship pursuant to RCW 26.09.002 and 26.09.191, wrongly calculated Plaintiff's Title 38 benefits, barred Plaintiff's testimony, and denied victim rights. *Id.* at 4-6. Additionally, Plaintiff claims that Washington State allowed a perpetrator of domestic violence to alter truth and obtain primary custody of Plaintiff's children, suppressed evidence, and effected a Bill of Attainder upon Plaintiff. *Id.* at 6.

Next, Plaintiff asserts that DCS improperly initiated case #2661739, wrongfully garnished Plaintiff's disability benefits "via Ex Post Facto method," averted due process, retaliated against a witness, and instigated "Peonage, Extortion, Racketeering," and threats of arrest, among other things. *Id.* at 5-6. Plaintiff alleges that the illegal deprivation of access to and seizure of immune

---

[2] The Court observes that Ms. Flores is no longer a named defendant in this case.

funds has resulted in endangerment of health and risking homeless to Plaintiff, as well as depriving Plaintiff's children of time and resources, thereby rendering Plaintiff unable to provide for the children. *Id*. Plaintiff claims these actions "have empowered an abuser to continue Harassments, child abuses[,] stalking." *Id*. Finally, Plaintiff contends that the "City/State" failed to investigate his claims. *Id*. at 6.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen a complaint filed by a party seeking to proceed *in forma pauperis*. 28 U.S.C. § 1915(e); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (noting that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A claim is legally frivolous under § 1915(e)(2)(B)(i) when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989*), superseded by statute*, 28 U.S.C. §1915(d), *as recognized in Lopez v.*

*Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000); *Franklin v. Murphy*, 745 F.2d 1221, 1227–28 (9th Cir. 1984). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989), *superseded by statute*, 28 U.S.C. § 1915(d), *as recognized in Lopez*, 203 F.3d at 1130–31; *Franklin*, 745 F.2d at 1227.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Accordingly, "[d]ismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Id*. "In making this determination, the Court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff." *Id*. Mere legal conclusions, however, "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The Court construes a *pro se* plaintiff's pleadings liberally,

affording the plaintiff the benefit of any doubt. *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010) (quotations and citation omitted).

**A. Failure to State a Claim**

Here, the Court finds that Plaintiff's amended Complaint does not contain anything more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Liberally construing Plaintiff's amended Complaint, the Court is simply unable to identify any material facts to support Plaintiff's claim to relief. In describing what happened to him and the specific conduct of each Defendant, Plaintiff exclusively relies on legal conclusions rather than material facts to support his allegations. For example, while Plaintiff broadly alleges that the "WA State" barred his testimony and DCS wrongfully garnished his disability benefits, Plaintiff fails to provide specific facts describing the precise conduct of either actor. *See* ECF No. 12 at 6. The Court notes that Plaintiff has not named the State of Washington as a Defendant in this case.

In short, Plaintiff fails to meet his burden to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Accordingly, the Court dismisses Plaintiff's amended Complaint for failure to state a claim upon which relief can be granted.

//

//

## OPPORTUNITY TO AMEND

Unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute*, 28 U.S.C. § 1915(e)(2), *as recognized in Aktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). This is Plaintiff's second complaint. In dismissing his prior complaint, the Court identified the complaint's deficiencies and granted Plaintiff leave to amend the complaint accordingly. At this time, the Court finds that it is absolutely clear that no amendment will cure the deficiencies in Plaintiff's claims. Therefore, the Court dismisses Plaintiff's amended Complaint without leave to amend.

## REVOCATION OF IN FORMA PAUPERIS STATUS

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one, and good faith is demonstrated when an individual "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Accordingly, the Court hereby revokes Plaintiff's *in forma pauperis* status.

If Plaintiff seeks to pursue this matter again in the district court or on appeal, he must pay the requisite filing fee.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The claims asserted in Plaintiff's amended Complaint (ECF No. 12) are **DISMISSED** without right to amend herein.

2. Plaintiff's *in forma pauperis* status is hereby **REVOKED**.

3. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

4. Plaintiff's second Application to Proceed In Forma Pauperis (ECF No. 13) is **DENIED as moot**.

The District Court Executive is directed to enter this Order and Judgment, forward copies to Plaintiff, and **CLOSE** the file.

**DATED** March 8, 2019.



THOMAS O. RICE
Chief United States District Judge

ORDER DISMISSING AMENDED COMPLAINT ~ 8